# CASES

## IN THE

# APPELLATE COURTS OF ILLINOIS.

### FIRST DISTRICT—OCTOBER TERM, 1889.

## CLARENCE POMEROY
### v.
## PAUL VILLAVOSSA.

*Malicious Prosecution—Probable Cause—Larceny.*

To maintain an action for malicious prosecution, the want of probable cause must be clearly shown.

[Opinion filed April 3, 1889.]

IN ERROR to the Circuit Court of Cook County; the Hon. ROLLIN S. WILLIAMSON, Judge, presiding.

Mr. THOMAS L. HUMPHREVILLE, for plaintiff in error.

This court held the rule to be, that if the prosecutor be'ieved in the guilt of the accused there was probable cause, and that probable cause was a question of law to be decided by the court in reviewing the undisputed facts in the case. In Cox v. McLean, 3 Ill. App. 45, defendant was incorrectly informed by clerk that goods were sold on commission instead of absolutely, believed him, and brought criminal action; held, probable cause.

In Bourne v. Stout, 62 Ill. 263, our Supreme Court held, if

defendant honestly believed facts to be true, and they are of such a character as would induce a reasonable, prudent man to believe them true, then there is probable cause.

In Anderson v. Friend, 71 Ill. p. 480, the court held, if the prosecutor received information which was not correct, and believed it, he had probable cause.

The same rule was held in McDavid v. Blevins, 85 Ill. 241; Skidmore v. Bricker, 77 Ill. 167; Angelo v. Faul, 85 Ill. 108; Davie v. Wisher, 72 Ill. 266; Ames v. Snider, 69 Ill. 381; Wagner v. Aultman, 2 Ill. App. 149.

In Jacks v. Stimpson, the court held:

The fact that he acted on circumstances tending to show guilt, and so believed, will be probable cause. Also see Barrett v. Spaids, 70 Ill. 414.

In Harpham v. Whitney, 77 Ill. 42 :

Acting in good faith on reasonable grounds of suspicion, held to be probable cause.

In Palmer v. Richardson, 70 Ill. 546, the court holds that if the prosecution is made in good faith, even suspicion is enough; here is probable cause.

The difficulty of making juries understand the law of probable cause is most ably discussed in Collins v. Hayte, 50 Ill. 354. The court in this cause considers the tendency of juries to find verdicts in malicious prosecution cases because they believe the issue is the guilt or innocence of the man accused of crime and not the good faith of the prosecutor.

Mr. George Sparling, for defendant in error.

Gary, J. This was an action for a malicious prosecution. The appellant was an auctioneer and was conducting an auction of furniture at a private house. The wife of the appellee bid off some of the articles. The appellant had no previous acquaintance with either the husband or the wife. She disputed her bill, and having previously made a deposit, she grabbed at a pile of silver coin, from which she took, how much the appellant could not tell, and he seized her to compel her to give it up. The appellee came to her rescue. Both

husband and wife went away without surrendering the money. On these facts, which are all of which the evidence on the part of the appellee showed that the appellant had any knowledge, the appellant procured a warrant against the appellee for larceny. On the hearing before the justice the appellee was discharged.

On these facts there was a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the conduct of the appellee and his wife, both strangers to him, was that of thieves, availing themselves of an opportunity to plunder, and therefore there was probable cause, which is an answer to this action.

The decisions in this State are uniform that the want of probable cause must be clearly shown to maintain the action. Ross v. Innis, 35 Ill. 487, is an authority that has never been departed from.

*Judgment reversed.*